# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1546V
Filed: October 15, 2019
UNPUBLISHED

| | |
|---|---|
| DORN DYTTMER,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Guillain-Barre Syndrome (GBS) |

*Kate Gerayne Westad*, SiebenCarey, Minneapolis, MN, for petitioner.
*Jeffrey T. Sprague*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Corcoran**, Chief Special Master:

      On October 5, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome (GBS) as a result of receiving the flu vaccination, or in the alternative, as a result of the combination of his flu vaccination the pneumococcal conjugate vaccine PCV 13 Prevnar, on October 9, 2015. Petition at 1, ¶ 1. Petitioner further alleges that he received the vaccination in the United States, that he suffered the residual effects of his GBS for more than six months, and that neither he nor any other party has filed a civil action or received

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation for his GBS.  *Id.* at ¶¶ 3, 14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 8, 2019, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, respondent indicates "it is [his] position that petitioner has satisfied the criteria set forth in the recently revised Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") which afford petitioner a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause."  *Id.* at 8 (citing 42 C.F.R. §§ 100.3(a)(XIV)(D), 100.3(c)(15)).  Respondent further explained that "[w]hile the petition additionally alleges a potential relationship between the 'total combined' Prevnar 13/flu vaccines and GBS (Prevnar 13 is not on the Table for GBS), as causation is established on the Table regarding the flu vaccine, there is no need for further discussion on that portion of the claim."  *Id.*

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
