# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1546V
UNPUBLISHED

| | |
|---|---|
| DORN DYTTMER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 17, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, for petitioner.

*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On October 5, 2018, Dorn Dyttmer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome (GBS) as a result of the influenza (flu) vaccination, or in the alternative as a result of his total combined vaccinations. Petition at 1. Petitioner further alleges that he received the vaccination in the United States, the residual effects of the vaccine injury exceeded six months, and that Petitioner has not previously filed a petition or collected an award or settlement of a civil action for damages secondary to receipt of the flu vaccination. Petition at 1, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 15, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On May 13, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $215,000.00. Proffer at 2. Respondent further proffered that Petitioner should be awarded funds to satisfy a State of Michigan Medicaid lien in the amount of $29,583.28.  *Id.*  In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $215,000.00 in the form of a check payable to Petitioner. I further award a lump sum payment of $29,583.28, representing compensation for satisfaction of the State of Michigan Medicaid lien, payable jointly to Petitioner and Upper Peninsula Health Plan**.  These amounts represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DORN DYTTMER,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | No. 18-1546V<br>Chief Special Master Corcoran (SPU)<br>ECF |

## PROFFER ON AWARD OF COMPENSATION

**I.  Procedural History**

On October 5, 2018, Dorn Dyttmer ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. Petitioner alleges that, as a result of receiving the influenza vaccine on October 9, 2015, he suffered from Guillain-Barre Syndrome ("GBS"). *See* Petition. On October 8, 2019, respondent filed his Vaccine Rule 4(c) Report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. On October 15, 2019, the Ruling on Entitlement, finding that petitioner was entitled to compensation for a GBS Table injury, was issued.

**II.  Items of Compensation**

    A.  Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$215,000.00** for pain and suffering. Petitioner agrees.

B. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of Michigan Medicaid lien in the amount of **$29,583.28**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Michigan may have against any individual as a result of any Medicaid payments the State of Michigan has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury (GBS) suffered on or about October 21, 2015, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**III.   Form of the Award**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

A. A lump sum payment of **$215,000.00** in the form of a check payable to petitioner;[2] and

B. A lump sum payment of **$29,583.28**, representing compensation for satisfaction of the State of Michigan Medicaid lien, in the form of a check payable jointly to petitioner and:
> Upper Peninsula Health Plan
> 853 W. Washington Street
> Marquette, MI 49855

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

[2] Petitioner is a competent adult, therefore evidence of guardianship is not required in this case.

Petitioner agrees to endorse the check to Upper Peninsula Health Plan for satisfaction of the Medicaid lien.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s Adriana Teitel*
ADRIANA TEITEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3677
Email: adriana.teitel@usdoj.gov

DATED:  May 13, 2021